IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03005-M

| | | |
|---|---|---|
| WILLIAM DOMONIC BULLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| R. COLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On January 4, 2022, William Domonic Bullard ("plaintiff"), a state inmate proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 6].

The court now conducts its initial review under 28 U.S.C. § 1915A and, for the reasons discussed below, allows the complaint to proceed.

Discussion:

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). A plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). The court, however, is not required to accept as true legal conclusions or unwarranted factual

inferences. See Iqbal, 556 U.S. at 677–83; Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

Plaintiff alleges that, at Maury C.I. on October 14, 2021, R. Coley ("Coley"), D. Joyner ("Joyner"), Stephen Fonville ("Fonville"), D. Smith ("Smith"), D. Sherman ("Sherman"), and Sergeant Shirley ("Shirley") violated his Eighth Amendment rights by cuffing him overly tightly and roughly extracting him from a cell, causing foot and back injuries. Compl. [D.E. 1] at 6–11.

Plaintiff's claims against defendants are not clearly frivolous. See, e.g., Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Whitley v. Albers, 475 U.S. 312, 321 (1986); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019); Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

Next, the court summarily GRANTS plaintiff's motion to voluntarily dismiss his claim against defendant Sergeant Shirley. Mot. [D.E. 7]; see Fed. R. Civ. P. 21.

The court now turns to plaintiff's motion to appoint counsel. See Mot. [D.E. 4] at 1–2 (asserting he cannot afford counsel, attempts to hire counsel have failed, imprisonment limits his ability to litigate, the case is complex, he lacks access to a law library, he has limited knowledge of the law, and the case involves conflicting testimony that would be better presented by a lawyer).

No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989). "Exceptional circumstances" that contemplate appointment of counsel in *pro se* civil cases arise when a plaintiff lacks capacity to represent himself; this is a determination by the court that "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163.

2

Contrary to plaintiff's assertions, this case is not complex. Because the filings indicate he has the capacity to represent himself, plaintiff fails to demonstrate "exceptional circumstances" meriting appointment of counsel, cf. id., and the court DENIES this motion [D.E. 4].

### Conclusion:

In sum, the court: DENIES the motion to appoint counsel [D.E. 4]; GRANTS the motion to voluntarily dismiss Sergeant Shirley as a defendant [D.E. 7]; ALLOWS the action to proceed against the remaining defendants; DIRECTS the clerk to continue management of the action under Standing Order 14-SO-02; and, if service under this standing order fails, the court further DIRECTS the United States Marshals Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this 19th day of July 2022.

RICHARD E. MYERS II
Chief United States District Judge