IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03005-M

| | | |
|---|---|---|
| WILLIAM DOMONIC BULLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| R. COLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This cause is before the court on several non-dispositive motions. See [D.E. 29, 30, 40].

In his motion to exclude evidence, plaintiff argues that evidence related to his disciplinary history should be excluded because it is irrelevant and unfairly prejudicial. Mot. [D.E. 29] at 1. Defendants oppose this motion. Defs.' Resp. [D.E. 38].

Succinctly stated, plaintiff's prison disciplinary history is potentially relevant in a use-of-force analysis as to whether defendants reasonably perceived a threat. See Whitley v. Albers, 475 U.S. 312, 321 (1986); Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008); see also Harper v. McCloud, No. 2:12-CV-00656, 2014 WL 1159129, at *22–23 (S.D.W. Va. Mar. 21, 2014), aff'd, 575 F. App'x 206 (4th Cir. 2014) (per curiam) (unpublished). Accordingly, the court DENIES WITHOUT PREJUDICE plaintiff's motion to exclude evidence [D.E. 29].

In his motion to compel, plaintiff argues that defendants did not sign their January 27, 2023, interrogatory responses in violation of Fed. R. Civ. P 33(b)(5). Mot. [D.E. 30]. Defendants oppose the motion, stating: "Upon review of the discovery file and confirmation of the missing verification forms, Plaintiff was re-served discovery on June 16, 2023[,] with included

verification forms." Defs.' Resp. [D.E. 39] at 1; see also Defs.' Resp. Attach. [D.E. 39-1] at 1 (June 16, 2023, mailing to plaintiff acknowledging a prior accidental failure to provide signed verifications with defendants' responses to discovery requests and signed verifications enclosed).

Because plaintiff now has the signed verifications he seeks, the court DENIES AS MOOT the motion to compel [D.E. 30].

Finally, in his motion seeking an extension of time to respond to defendants' motion for summary judgment, plaintiff requests a new response deadline after the court rules on his motion to exclude evidence. See Mot. [D.E. 40].

The court notes that plaintiff subsequently filed a response to defendants' motion for summary judgment. See Pl.'s Resp. [D.E. 41]. Nevertheless, in an abundance of caution, the court GRANTS IN PART this motion for an extension of time [D.E. 40] and allows plaintiff until November 15, 2023, to file further response, if any. Defendants then shall have until November 30, 2023, to file any reply.

SO ORDERED this 23d day of October, 2023.

*Richard E Myers II*

RICHARD E. MYERS II
Chief United States District Judge

2

Case 5:22-ct-03005-M   Document 44   Filed 10/23/23   Page 2 of 2